CHARLES LANE, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1414*—*when finding of trial court will not be disturbed.* Where no propositions of law were submitted, the findings of the court on the issues of fact are binding upon the Appellate Court the same as a verdict of a jury, when not manifestly against the weight of the evidence.

2. USURY, § 81*—*when cannot be urged on review.* Error of court in allowing usurious interest in a suit on a promissory note, cannot be urged on review where the record does not show the defense of usury was insisted upon by a plea, or a notice or claim of such defense in the trial court.

### B. A. Thorpe, Defendant in Error, v. Max Weber and David B. Weber, Copartners, trading as Weber Brothers, Plaintiffs in Error.

### Gen. No. 19,242.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Action by B. A. Thorpe against Max Weber and David B. Weber, trading as Weber Brothers, to recover for procuring a tenant for a hotel in Chicago for a period of ten years, at an annual rental of $3,600. Plaintiff's claim was for five per cent. of the first year's rental and one per cent of the last eight years' rental. Plaintiff recovered a judgment for $468.   To reverse the judgment, defendants prosecute error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The facts show that defendants sent out circulars and that plaintiff received one of them, which was signed "Weber Bros., 1924 State St."     The circular contained these words:

"For rent, the following:
\* \* \* Columbus Hotel, 1840 Wabash Ave. 60 Room Steam Heat, $4,200 per annum.

Will pay real estate board commissions for good tenants."

Thereafter plaintiff answered the circular by letter to defendants saying, in substance, that Mr. Deffler of plaintiff's office had interested Messrs. Schultz and Field, of the Inter-Ocean Hotel, and that they had made a substantial offer for a lease on the property, and asked defendants to kindly protect him with reference to the regular real estate board rate of commission and he would give the prospective lessees proper attention.     Plaintiff then sent Deffler to defendants to confer with them and they accepted his services, and by his efforts the lease in question was consummated and signed by Field, one of the parties mentioned in defendant in error's letter.

It appeared that plaintiff was duly licensed as a real estate broker but that Deffler was not, and that a city ordinance of Chicago provided as follows:

"Any person employed by a person or corporation licensed as a broker under the provisions of this chapter who shall himself engage in the business or act in the capacity of a broker, shall notwithstanding the fact of such employment be amenable to all the provisions of this chapter and shall be required to take out a broker's license."

Defendants urged as ground for reversal of the judgment:  (1) Because the contract for commissions was made by defendants and one Mr. Deffler, an unlicensed broker, on his own behalf, or with him as the agent of plaintiff, and that Mr. Deffler made the entire negotiations with the tenant, Stanley Field, and that the contract was against the provisions of the city ordinances and void; (2) that plaintiffs' claim is based

upon a *quantum meruit* and that there is no evidence to sustain such a claim; (3) that the evidence showed a contract with Deffler that the commission for obtaining the tenant should be for the exact sum of $200.

A. L. WEBER, for plaintiffs in error; GEORGE F. ORT, of counsel.

HENRY HORNER, for defendant in error; ARNOLD HEAP, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 4*—*when ordinance does not require license of broker's employees.* A city ordinance requiring a license to be taken out by an employee of a broker where he shall himself engage in the business or act in the capacity of a broker, *held* not to apply to mere employees of brokers, though they are paid for their work a certain portion or per cent. of the commissions.

2. BROKERS, § 70*—*when suit for commissions not based on quantum meruit.* A suit for brokerage commissions *held* not based on a *quantum meruit* count, where the statement of claim simply discloses that plaintiff is suing for "real estate board commissions" promised in a circular letter, and specifies the claim further by stating the rental named in the lease and that the claim is for certain percentage of the annual rentals.

3. APPEAL AND ERROR, § 1506*—*when refusing to permit cross-examination harmless error.* Error of court in refusing to permit defendants to cross-examine some of plaintiff's witnesses *held* harmless where the witnesses were thereafter thoroughly examined by defendants with reference to all matters inquired of them by plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.